UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY GIDDINGS,<br>Petitioner,<br><br>v.<br><br>BOBBIE JO SALAMON, *Superintendent of SCI Rockview*; PHILADELPHIA DISTRICT ATTORNEY; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;<br>Respondents. | : | No. 2:22-cv-2388 |

**O P I N I O N**

**Report and Recommendation, ECF No. 21—Adopted**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**September 1, 2026**

## I. INTRODUCTION

Petitioner Gregory Giddings filed a counseled Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, the thrust of which is based on his trial counsel's alleged ineffectiveness. Magistrate Judge Pamela A. Carlos issued a Report and Recommendation ("R&R"), in which she recommends that the Petition be denied in part and dismissed in part. After review of the habeas petition, the Brief in Support of the habeas petition, Respondents' Response to the petition, the R&R, Giddings's objections, and for the reasons below, the Court overrules the objections, adopts the R&R, and denies and dismisses Giddings's Petition.

## II. BACKGROUND

### A. Factual Background and Habeas Petition

In the R&R, Magistrate Judge Carlos gave a thorough overview of the factual and procedural history of the case, *see* R&R, ECF No. 21, to which Giddings does not object, *see*

Objections to Report & Recommendations ("Obj."), ECF No. 24. The Court accordingly adopts the factual and procedural history as summarized in the R&R, which are incorporated herein. *See* R&R. The R&R summarizes Giddings's underlying convictions and sentence as follows: "a jury found Mr. Giddings guilty of second-degree murder, burglary, robbery, conspiracy to commit burglary and robbery, and firearm violations[.] Mr. Giddings was sentenced to a mandatory term of life imprisonment without the possibility of parole for second-degree murder, and no additional penalty for the other convictions." *See id.* at 6.

In his original habeas petition, Giddings stated five grounds for relief, *see* Pet., ECF No. 1,[1] which he then boiled down to two prevailing grounds in his brief in support of the habeas petition, *see* Pet'r Br., ECF No. 8.[2] Those grounds are: (1) that his trial counsel was ineffective for failing to request, and/or failing to object to the omission of, the Pennsylvania Standard Jury Instruction governing felony-murder cases in which the defendant was not the direct killer—namely, that for such offense the jury would have to find that the co-felon killer "perform[ed] the murder in furtherance of the felony,"[3] *see id.* at 28; and (2) that his trial counsel was ineffective

---

[1] Because the pagination assigned by counsel in ECF No. 1 is inconsistent and missing on some pages, this Court shall cite to the page numbers assigned by the ECF docket system when referring to Giddings's original habeas petition.

[2] Any citations to Giddings's brief in support of his habeas petition shall be to the page numbers assigned by Petitioner's Counsel and represented at the bottom of each page in the brief.

[3] Below is the text for the alternative instruction for cases where a defendant's co-felon kills the victim:

> I will start with some terminology and basic principles. The more serious types of crimes are called felonies. For example, robbery is a felony. Second-degree murder is often called felony murder because it is a killing connected with a felony. When two people are partners in a successful or unsuccessful attempt to commit a felony and one of them kills a third person, both partners may be guilty of felony-murder. Neither partner has to intend to kill or anticipate that anyone be killed. The person killed can be someone other than a victim of the felony. He or she need not die immediately; he or she may die much later and at a different place.

for failing to request or argue for the inclusion of a self-defense instruction or a defense-of-property instruction.[4] *See id.* at 25-31, 36-42.

**B. The Report and Recommendation and Objections**

The R&R, dated May 6, 2026, recommends that this Court deny Giddings's first argument, regarding the "in furtherance of" instruction for felony murder in cases involving co-

---

> The defendant has been charged with second-degree murder, that is, felony murder. To find the defendant guilty of this offense, you must find that the following four elements have been proven beyond a reasonable doubt:
>
> *First*, that [*name of defendant*] killed [*name of victim*];
>
> *Second*, that [*name of defendant*] did so while he and the defendant were partners in committing or attempting to commit a robbery;
>
> *Third*, that [*name of defendant*] did the act that killed [*name of victim*] in furtherance of the robbery or attempted robbery; and
>
> *Fourth*, that the defendant was acting with malice. You may find that the defendant was acting with malice if you are satisfied beyond a reasonable doubt that he and [*name of partner*] were partners in committing or attempting to commit the robbery. Because robbery is a crime inherently dangerous to human life, there does not have to be any other proof of malice.

See PA. SSJI (CRIM) § 15.2502B (cleaned up).

[4] These grounds represent two of the five grounds for relief originally stated in Giddings's habeas petition. *See* Pet., ECF No. 1 at 7-14. The claim that his trial counsel was ineffective for failing to request or object to the omission of the "in furtherance" jury instruction language for felony-murder was originally Ground Five in the initial habeas petition, *see id.* at 14, is referred to as "Ground Five" in the brief in support of his habeas petition, *see* Pet'r Br. 25, ECF No. 8, but then is labeled Ground "(1)" in the R&R, *see* ECF No. 21 at 11, and "Ground I" in Giddings's Objections, *see* ECF No. 24 at 2. This Court may refer to this renumbered claim herein as the "first" claim or ground (*i.e.*, claim or ground "one") in Giddings's habeas, but this shall be understood as a reference to the original "Ground Five" in ECF No. 1 (the claim regarding trial counsel's ineffectiveness related to the "in furtherance" instruction).

The claim that Giddings's trial counsel was ineffective for failing to request a self-defense or defense-of-property jury instruction was Ground Two in the original habeas petition, *see* Pet. at 9, and is also labeled "Ground Two" in the brief in support of the habeas petition, *see* Pet'r Br. at 36, Ground "(2)" in the R&R, *see* ECF No. 21 at 11, and "Ground II" in Giddings's Objections, *see* ECF No. 24 at 10. Thus, the Court shall keep consistent and refer to this claim (regarding trial counsel's ineffectiveness related to the defense of self or property instruction) as the "second" claim or ground (*i.e.*, claim or ground "two") in Giddings's habeas.

felons, because Giddings failed to show that he was prejudiced by his counsel's allegedly deficient performance, as required under the standard for ineffectiveness of counsel claims articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).[5] *See* R&R at 15. In doing so, Magistrate Judge Carlos explains that the "in-furtherance" element of the felony murder instruction would only apply if Giddings's case was one in which a co-felon (not the defendant on trial) was presumed to have killed the victim, *see id.* at 17, but at Giddings's trial there was no evidence that any of his co-felons shot the victim, or that they even had a gun on the night in question, *see id.* at 21. Where the trial evidence included multiple contradictory versions of events and created "confusion as to who fired the fatal shot," there was no more evidence in support of a "reasonable probability" that one of Giddings's co-felons shot the victim, than there was in support of a probability that "an unknown shooter shot and killed the victim" and did so for a reason independent of the robbery. *See id.* at 12, 21-22. The R&R reasoned that, without such "reasonable probability," omitting the "in-furtherance" instruction would not be prejudicial to Giddings. *See id.*

The R&R also recommends that this Court dismiss Giddings's second argument, regarding a self-defense or defense-of-property instruction, because it was procedurally defaulted. *See id.* at 23. Magistrate Judge Carlos explains that this claim was not raised in the state courts, and despite Giddings's argument to excuse the default under *Martinez v. Ryan*, 566 U.S. 1 (2012), such excusal is not warranted here. *See id.* Under *Martinez*, to overcome a

[5] The standard for ineffectiveness of counsel claims, articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), requires a showing that (1) counsel's performance was deficient, meaning their representation "fell below an objective standard of reasonableness," *see id.* at 668, and (2) that such deficient performance prejudiced the petitioner, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *see id.* at 694.

procedural default a petitioner must demonstrate (1) "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit," and (2) that his appointed counsel in the initial-review collateral proceeding was ineffective for failing to raise the claim, under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Martinez*, 566 U.S. at 14. The R&R explains that Giddings second claim fails under the first *Martinez* requirement, because the evidence at trial demonstrated that Giddings was the initial aggressor, and thus any shots fired from his gun could not have been in self-defense or in defense of property. *See* R&R at 23-24. The R&R determined Giddings's second claim to be without merit, rendering the procedural default inexcusable.

Giddings presents two grounds for objections to the R&R. First, he objects to the finding that he failed to show that he was prejudiced by his trial counsel's ineffectiveness. *See* Obj. at 2-10. In his view, the ballistics evidence at trial demonstrated that he was *not* the fatal shooter, but that one of his co-felons *may have* been. *See id.* at 4-6. Thus, he says, the "in-furtherance" instruction for felony murder involving a co-felon killer would have been appropriate. *See id.* Second, he objects to the finding that a justification defense was not available at trial because he was determined to be the initial aggressor leading up to the fatal shooting. *See id.* at 10-11. He asserts that too much weight was given to the testimony of Kashim Bailey (which suggested that Giddings held the victim at gunpoint), and that more weight should have been afforded to Giddings's own testimony, which was silent as to *when* he brandished his gun, but suggested that he only fired the gun after a car sped toward him. *See id.* The Court has reviewed all arguments, the R&R, and objections thereto, and is now prepared to decide the habeas petition.

## III. LEGAL STANDARDS

### A. Report and Recommendation – Review of Applicable Law

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), *abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

### B. Certificate of Appealability – Review of Applicable Law

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## IV. ANALYSIS

This Court has conducted a de novo review, and agrees with the recommendations in the R&R that Giddings's first claim should be denied and his second claim should be dismissed as procedurally defaulted. The Court will address each claim in turn, along with the R&R's recommendations and Giddings's objections thereto.

### A. Giddings's claim of ineffective assistance of counsel, related to the felony-murder jury instruction on killing "in furtherance of" the robbery, is denied.[6]

Giddings objects to the R&R's finding that he failed to show that he was prejudiced by his trial counsel's ineffectiveness with respect to the "in furtherance" instruction. *See* Obj. at 2-10. He argues that he has shown that he was prejudiced by his trial counsel's failure to argue for, or object to the omission of, the "in furtherance of" instruction for felony-murder where there are co-felons, one of whom was likely the killer. *See id.* at 5. Giddings credits the R&R with accurately recounting the ballistics evidence—namely, that the bullet recovered from the

[6] Giddings conceded that this claim was procedurally defaulted because it was never presented to any state court, but argues that this is excusable because his PCRA counsel was ineffective in failing to present it. *See* Pet. at 14. The Court agrees with the parties, *see id.*; Resp. 8 n.3, ECF No. 15, and Magistrate Judge Carlos, *see* R&R at 12-15, that the procedural default of this claim is excused based on *Martinez v. Ryan*, 566 U.S. 1 (2012). Under *Martinez*, to overcome a procedural default a petitioner must demonstrate (1) "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit," and (2) that his appointed counsel in the initial-review collateral proceeding was ineffective for failing to raise the claim, under the standards of *Strickland*, 466 U.S. 668. *See Martinez*, 566 U.S. at 14. This Court agrees with the parties and the reasoning in the R&R that both requirements for excusing default are satisfied. It appears that Giddings's trial counsel should have objected to the omission of the "in furtherance" instruction, given the fact that the identity of the fatal shooter was unclear; thus, Giddings has satisfied the substantiality requirement. It also appears that Giddings's PCRA counsel was ineffective in failing to raise this during PCRA litigation. Thus, the *Martinez* requirements are satisfied and the procedural default is excused.

victim's body was a thirty-eight caliber bullet, which a ballistics expert explained *can be shot* from a nine-millimeter weapon, like the one Giddings had on the night in question. *See id.* Yet Giddings also points to the testimony of the Commonwealth's ballistics expert—which explained that the fatal bullet's "lands and groves" were "different" from those on another bullet found at the scene—as support for his contention that the fatal bullet was *not* fired from his gun. *See id.* Importantly, however, the expert testimony he cites from trial did not compare the fatal bullet found in the victim's body with another bullet undeniably shot from Giddings's gun. *See id.*; R&R at 19 n.13. Rather, it compared the bullet found in the victim's body to a bullet found on the ramp of the warehouse on the night in question, *see id.*, leading the trial court to acknowledge the "possibility" that there was more than one shooter, *see* Obj. at 5. This does not present "near certainty" (as Giddings contends it does) that he *did not* fire the fatal shot on the night in question and that one of his co-felons *did*. It merely demonstrates that there was likely more than one person firing a gun at the scene of the crime, and that there was "confusion" as to who fired the fatal shot, specifically. If there was a suggestion that the shooter was someone other than Giddings, there was no more evidence that said shooter was a co-felon than there was evidence that the shooter was an independent third-party unrelated to the underlying robbery. *See* R&R at 12.

The application of an "in furtherance" instruction is dependent on a co-felon having fired the fatal shot, *see* PA. SSJI (CRIM) § 15.2502B; *see also id.* at Subcommittee Note, and so this "confusion" as to who fired the fatal shot falls short of demonstrating prejudice absent the instruction. The evidence at trial demonstrated that Giddings's co-felons were unlikely to have shot the victim; both co-felons denied having a gun on the night in question. *See* R&R at 21.

That being the case, the "in furtherance" instruction for a felony-murder (where the killing was done by a co-felon) would not have been necessary.

Giddings objects to this conclusion by arguing that Magistrate Judge Carlos unfairly placed a "burden" on him to "name the person" who killed the victim, *see* Obj. at 7—but this misreads the R&R. Magistrate Judge Carlos did not suggest that Giddings held the burden of proving *who exactly* fired the fatal shot; she only highlighted the fact that neither the evidence at trial nor Giddings's arguments suggested that one of Giddings's co-felons (not an independent third party) was likely to have fired the fatal shot. This Court agrees. Had Giddings's trial counsel objected to the omission of the "in furtherance" instruction, and had that instruction language been given, the totality of the evidence presented at trial still would not provide a reasonable probability that at least one juror would have harbored a reasonable doubt as to his guilt. Where there was some evidence to suggest that Giddings was the fatal shooter, there was little to no evidence to suggest that it was either one of his co-felons or an independent third-party unrelated to the robbery; thus, this Court cannot conclude that the outcome of the proceedings would likely have been different if this instruction were given. With respect to this claim, Giddings's objections to the R&R are overruled, and the R&R is approved and adopted. Giddings's claim as to his trial counsel's ineffectiveness for failure to object to the omission of the "in furtherance" instruction for felony-murder is denied. A certificate of appealability shall issue as to this first claim, only, because jurists of reason could debate the denial. *See Slack*, 529 U.S. at 484.

**B. Giddings's claim of ineffective assistance of counsel, related to the jury instruction on self-defense or defense of property, is dismissed.**

Giddings also objects to the R&R's finding that a justification defense was not available at trial (and thus his counsel was not ineffective for failing to advocate for a jury instruction on

self-defense and defense of property) because Giddings was determined to be the initial aggressor on the night of the shooting. *See* Obj. at 10-11. The R&R reasoned that Giddings's second claim—that his trial counsel was ineffective for failing to advocate for the inclusion of a defense instruction—was procedurally defaulted because it was not raised in the state courts and that, unlike the former claim, *see* note 5, *infra*, this default was not excusable under *Martinez* because the claim is meritless. This Court agrees.

Under *Martinez*, to overcome a procedural default a petitioner must demonstrate (1) "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit," and (2) that his appointed counsel in the initial-review collateral proceeding was ineffective for failing to raise the claim, under the standards articulated in *Strickland*, 466 U.S. 668. *See Martinez*, 566 U.S. at 14. The R&R points out that evidence at trial demonstrated, at the very least, that Giddings grabbed his bag, which had a gun inside, and went to the ramp area to confront the other scrappers attempting to leave the warehouse, and that in the moments thereafter, shots were fired. *See* R&R at 23-24. Magistrate Judge Carlos agreed with the Commonwealth that such actions were enough to suggest that Giddings was the initial aggressor, and thus a self-defense instruction, or a defense-of-property instruction, would have been inappropriate. *See id.* Giddings concedes to these facts, but nevertheless contends that the lack of evidence surrounding *when* he brandished his gun leaves open the possibility that he did not do so until after the car lurched toward him. *See* Obj. at 11. The thrust of Giddings's ineffectiveness claim relating to a failure to procure a defense instruction is based on this lack of concrete evidence that he brandished the gun *before* the car lurched toward him on the ramp, causing him to fire in the direction of the victim. *See id.* Giddings told police that he shot his weapon only after he perceived a threat, but Kashim Bailey

testified at trial that he observed the "shooter" jump onto the ramp and hold the victim "at gunpoint" before the car sped in his direction, which is consistent with Giddings's account of where and how he approached the car. *See* R&R at 24. Giddings objects mainly to the credibility afforded to Bailey's testimony, and suggests that this is not enough to render his claim meritless. This argument misses the point.

Though Bailey's eyewitness testimony of a gunman leaping to the ramp and holding the car (if not the victim) at gunpoint, is persuasive, it is not the only trial evidence from which one can surmise that Giddings was the initial aggressor. It is undisputed that Giddings was told about the victim and his cohorts "leaving"—and that Giddings immediately grabbed his bag, which held his gun, and ran to confront the car at the ramp to the warehouse *in order to stop it from leaving*. It is not argued that Giddings stood motionless in a nonaggressive manner when the car lurched in his direction, causing him to react. Rather, Giddings took his weapon to the exact location where the car was, and stood in front of it, hoping to get a reaction. This Court finds that it was not error to forego such a defense instruction, because the suggestion that it was more likely than not that Giddings was *not* the initial aggressor is without merit. Accordingly, the claim fails to meet the first *Martinez* requirement and therefore the procedural default cannot be excused. With respect to this claim, Giddings's objections to the R&R are overruled, and the R&R is approved and adopted. Giddings's claim as to his trial counsel's ineffectiveness for failure to argue for a defense instruction is dismissed. No certificate of appealability shall issue on this claim because jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

## V. CONCLUSION

After de novo review of Giddings's habeas petition, the response thereto, the state court record, the R&R, Giddings's objections thereto, and for the reasons mentioned above, the R&R is adopted and approved. Giddings's claim as to his trial counsel's ineffectiveness for failure to object to the omission of the "in furtherance" instruction for felony-murder is denied, and a certificate of appealability shall issue on this claim. Giddings's claim as to his trial counsel's ineffectiveness for failure to argue for a self-defense or defense-of-property instruction is dismissed as procedurally defaulted, and no certificate of appealability shall issue on this claim. The habeas petition is denied in part and dismissed in part.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_________
JOSEPH F. LEESON, JR.
United States District Judge